WITTERS, Receiver, *v.* SOWLES and others, Assignees.

(*Circuit Court, D. Vermont.* November 11, 1887.)

JUDGMENT—STAY OF—NEWLY-DISCOVERED EVIDENCE.
   A decree will be stayed for the taking and filing of newly-discovered testimony which is material, and which could not have been produced on the first hearing.

In Equity.
For statement of facts of this case, see *Witters* v. *Sowles, ante,* 758.
*Chester W. Witters,* for plaintiff.
*Willard Farrington* and *Henry A. Burt,* for defendants, Assignees.

WHEELER, J. This cause has now been heard on a motion by the defendants to take new testimony with respect to the reasonable cause of the officers of the bank to believe the defendant Sowles to be insolvent, and that the transfer of the notes and securities in question was made

with a view to give a preference, with respect to the filing of the petition in insolvency, and with respect to what the defendant Sowles did with the notes and securities when he discharged the debts to which they were applied from the books of the bank.

The motion as to the testimony on the first point is denied, and as to that on the second point granted, for the reasons stated in respect to the motion in the other case between the same parties heard with this. The testimony of Albert Sowles as to the other point appears to be in fact newly discovered, and to have been so far kept by him from the knowledge of the other defendants and their counsel that they ought not to be precluded from producing it now upon some terms. The question of terms is wholly reserved.

Leave is granted to the defendants to take and file testimony as to the transaction of filing the petition in insolvency, and to take the testimony of Albert Sowles as to what he did with the notes and securities applied to the debts discharged from the books of the bank on January 25, 1884, at any time before December 1st, and the plaintiff has leave to take and file testimony in answer thereto at any time before December 17th, on such terms as may be hereafter fixed.